PUBLIC LANDS The provisions of 64 O.S. 80.1 [64-80.1] and 64 O.S. 80.2 [64-80.2] (1971), would not prohibit the investment in United States Bonds and United States Treasury Bills under the newly established system whereby no certificates are issued. The Commissioners of the Land Office may continue to make those investments so long as they substantially comply with the spirit of those sections under the new system. The Attorney General has considered your request for an opinion wherein you ask the following question: "May the Commissioners of the Land Office invest in United States Treasury Bills, or United States Bonds, if no engraved certificate or bond is presented to them?" It is clear that the Commissioners of the Land Office have the authority to purchase United States Bonds under the provisions of Article XI, Section 6 of the Oklahoma Constitution, and 64 O.S. 51 [64-51] (1971). Likewise, United States Treasury Bills are a lawful investment for the Commissioners of the Land Office. Investments in United States Bonds and United States Treasury Bills are controlled by 64 O.S. (80.1) (1971). This section provides for the deposit of these investments as follows: "All bonds now or hereafter owned or held by the Commissioners of the Land Office by reason of the investment of any funds under their management and control shall be deposited with the State Treasurer by the Secretary of the Commissioners of the Land Office, who shall take from the Treasurer a receipt therefor." Under the language of this statute, the Commissioners of the Land Office are obligated to deposit Treasury Bonds and Bills with the State Treasurer. However, as you pointed out in your request for this opinion, the Department of the Treasury of the United States is now phasing out the distribution of certificates as evidence of indebtedness for United States Bonds and United States Treasury Bills. Under the new system that the Treasury is establishing, there will no longer be issued written certificates as in the past. Instead, the Treasury in the future will use a computerized book entry process. Under this procedure, there will be no certificates for the State to hold. Since the Treasury is not going to issue any certificates, it will be impossible for the Secretary to deposit "all bonds" with the State Treasurer. Your question then is whether the Commissioners of the Land Office will be prohibited from investing in United States Bonds and Treasury Bills where it is impossible to deposit those Bills with the State Treasurer in accordance with the provisions of 64 O.S. 80.1 [64-80.1](A) (1971). A consideration of this question should include a reading of 64 O.S. 80.2 [64-80.2] (1971), which is as follows: "It shall be the duty of the State Treasurer to safely keep all bonds deposited with him by the Secretary of the Commissioners of the Land Office and, under the direction of the Commissioners of the Land Office, to collect and properly report to said agency all interest and principal maturing on such bonds. All money collected by the Treasurer as interest or principal shall be deposited by him in the depository account of the Commissioners of the Land Office for transfer to the proper fund. The official bond of the State Treasurer, as Treasurer and depository for the Commissioners of the Land Office, shall be liable for the faithful performance of the duties imposed upon the Treasurer by the provisions of this Act." A reading of 64 O.S. 80.1 [64-80.1] and 64 O.S. 80.2 [64-80.2] would indicate that they were designed to provide for the safekeeping of United States Bonds and Treasury Bills owned by the Commissioners of the Land Office. These provisions seem to recognize the negotiable value of these certificates. When the Legislature provided for this measure of protection to the school fund in 1943, they had no way of predicting that the United States Treasury would abandon the issuance of certificates in favor of a book entry system. It must be concluded that the Legislature could not have intended to prohibit United States investments in cases where certificates were not available. Under the new system the State will not receive a valuable or negotiable certificate and it must, therefore, be concluded that the Commissioners of the Land Office are not prohibited from making this investment simply because there is not a valuable certificate for the State Treasurer to maintain. It is, therefore, the opinion of the Attorney General that your question be answered as follows. The provisions of 64 O.S. 80.1 [64-80.1] and 64 O.S. 80.2 [64-80.2] (1971), would not prohibit the investment in United States Bonds and United States Treasury Bills under the newly established system whereby no certificates are issued. The Commissioners of the Land Office may continue to make those investments so long as they substantially comply with the spirit of those sections under the new system. (DON McCOMBS, JR.)